**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1495
_____

BYRAN WAYNE MILLER,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA,
Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A038-203-502)
Immigration Judge:  Honorable Alberto J. Riefkohl
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 15, 2014

Before: FISHER, VANASKIE and ALDISERT, <u>Circuit</u> <u>Judges</u>

(Opinion filed: July 17, 2014)
_____

OPINION
_____

PER CURIAM

Petitioner Byran Miller, a native and citizen of Jamaica, seeks review of a final

order of the Board of Immigration Appeals (BIA) affirming the Immigration Judge's (IJ)

order sustaining the charges of removability and denying protection under the

Convention Against Torture (CAT). For the reasons that follow, we will deny the petition for review.

Miller entered the United States in 1983 as a lawful resident, and remained so until the time of his removal proceedings. His wife and five children are all United States citizens. From 1991 through 2002, Miller was convicted in New Jersey of several crimes, including possession of a controlled dangerous substance (marijuana) with intent to distribute on or near a school property. In 2012, as a result of his convictions, Miller was placed in removal proceedings. The IJ determined that Miller was an aggravated felon and that he had committed a "particularly serious crime." Miller then applied for relief under the CAT.

The basis of Miller's CAT claim stems from a robbery in the United States in 1999, in which he was the victim. Miller asserted that the perpetrators of the robbery, who were allegedly convicted and, later, deported to Jamaica, would harm him in retaliation if he returned to Jamaica. He further maintained that the authorities in Jamaica would be "incapable [of preventing] or complicit" in allowing the perpetrators to harm him. The IJ determined that Miller's application for CAT relief was "based on an extremely vague and almost invisible thread of subjective fear" which was unsupported by objective evidence. More importantly, the IJ noted, there was no evidence that the Jamaican authorities would be unable to protect Miller from harm. The IJ thus denied his CAT application and ordered Miller removed. The BIA affirmed on appeal, and Miller timely petitioned for review.

Where, as here, an alien is removable due to a controlled substance offense under

2

8 U.S.C. § 1227(a)(2)(B), our review is limited to "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(D). Because Miller appears pro se before the Court as an immigration petitioner, the need to construe his claims broadly is "accentuate[d]." See Higgs v. Att'y Gen., 655 F.3d 333, 340 (3d Cir. 2011). Even construing Miller's brief liberally, however, he fails to present any cognizable argument challenging the reasoning of the Board's decision. As the Government correctly notes, he has therefore waived review of the agency's determinations that he was removable as an aggravated felon, and that he failed to demonstrate eligibility for relief under the CAT. See United States v. Pelullo, 399 F.3d 197, 222 (3d Cir. 2005) (finding that issues not sufficiently argued in the briefs are generally considered waived on appeal).[1]

Miller raises only one argument in his brief -- that he received ineffective assistance of counsel at the immigration proceedings. We have jurisdiction to review this claim. See Fadiga v. Att'y Gen., 488 F.3d 142, 155 (3d Cir. 2007) (noting that ineffective assistance of counsel in a deportation proceeding may be a denial of due process). Miller argues generally that his counsel failed to challenge and/or present evidence. He raised a similar claim on appeal to the BIA; the Board rejected the argument finding that Miller had failed to comply with the procedural requirements for establishing an ineffective assistance of counsel claim. See In re Lozada, 19 I. & N. Dec. 637, 638 (BIA 1988); see also Xu Yong Lu v. Ashcroft, 259 F.3d 127, 133 (3d Cir. 2001)

---

[1] We note that a review of the record suggests an exercise of our discretionary power to address issues that have been waived is not warranted. See Bagot v. Ashcroft, 398 F.3d 252, 256 (3d Cir. 2005).

(concluding that the BIA's ineffectiveness test is not an abuse of the Board's discretion). Miller does not identify any error in the Board's ruling, and, even assuming he had, his argument would not prevail, as he wholly failed to comply with the <u>Lozada</u> requirements. <u>See</u> <u>Fadiga</u>, 488 F.3d at 155 (noting that the <u>Lozada</u> requirements are a "threshold" to obtaining consideration of ineffective assistance claims).

Based on the foregoing, we will deny the petition for review.